**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | |
|---|---|
| **MELISSA GALLAGHER, on behalf of herself and others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**TWG BRL, LLC d/b/a BIG RED LIQUORS, d/b/a CAP N' CORK, d/b/a CROWN LIQUORS, d/b/a GAY'S HOPS-N-SCHNAPPS, d/b/a THE BEV SHOP,**<br><br>**Defendant.** | CLASS ACTION COMPLAINT<br><br>FLSA COLLECTIVE ACTION COMPLAINT UNDER 29 USC § 216(b)<br><br>Cause No. 1:25-CV-1362 |

**PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND INDIANA LAW**

Plaintiff Melissa Gallagher ("Named Plaintiff Gallagher" or "Named Plaintiff"), individually and on behalf of others similarly situated, files her Complaint against TWG BRL, LLC doing business as Big Red Liquors, doing business as Cap N' Cork, doing business as Crown Liquors, doing business as Gay's Hops-N-Schnapps, doing business as The Bev Shop (referred to as "TWG BRL" or "Defendant") for Defendant's failure to pay employees' overtime and regular wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the Indiana Wage Payment Act, I.C.22-2-5-1 ("the Indiana Wage Payment Act").

The FLSA claims are brought as a collective action pursuant to 29 U.S.C. § 216(b). The Indiana Wage Payment Act claims are brought as a class action pursuant to Rule 23. The following allegations are based on personal knowledge as to the Named Plaintiff's own conduct and are made

***THE LAW OFFICE OF***
***ROBERT J. HUNT, LLC***
1905 South New Market St., Suite 168
Carmel, IN 46032
(317) 743-0614
Fax (317) 743-0615

on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

**I. JURISDICTION AND VENUE**

1. This action is brought pursuant to the FLSA, the Indiana Wage Payment Act, and 28 U.S.C. § 1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Indiana, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant employed Named Plaintiff and others similarly situated in the Southern District of Indiana; a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Indiana, and Defendant conducts substantial business in this District. Defendant's corporate office and principal business location is located at 5445 S East Street, Indianapolis, 46227, which is located in Marion County within the Indianapolis Division of the United States District Court for the Southern District of Indiana.

**II. PARTIES**

**A. Named Plaintiff Gallagher**

4. Named Plaintiff Gallagher is an individual, United States citizen and a resident of the State of Indiana, living in the Southern District of Indiana. Named Plaintiff Gallagher resides in Vigo County, Indiana.

***THE LAW OFFICE OF***
***ROBERT J. HUNT, LLC***
1905 South New Market St., Suite 168
Carmel, IN 46032
(317) 743-0614
Fax (317) 743-0615

5. Named Plaintiff Gallagher has been employed by Defendant from July 14, 2022 and continuing to the present.

6. Named Plaintiff Gallagher was and is employed as an hourly, non-exempt employee of Defendant as defined in the FLSA and the Indiana Wage Payment Act. Specifically, Plaintiff Gallagher has been employed by Defendant as a Sales Associate, Keyholder, Manager in Training, Assistant Manager, and Manager at Defendant's Big Red Liquors locations in Terre Haute, Indiana. During her employment, Plaintiff Gallagher worked at least forty (40) or more hours in given workweeks.

7. Named Plaintiff Gallagher brings this action on behalf of herself and those similarly situated

(as defined herein).

**B. Defendant**

8. Defendant is an Indiana domestic limited liability company that operates and conducts business activities throughout the state of Indiana. Defendant owns and operates approximately 100 liquor stores in Indiana. The Defendant operates these liquor stores under various brand names, including "Big Red Liquors", "Cap N' Cork", "Crown Liquors", "Gay's Hops-N-Schnapps", and "The Bev Shop", but all stores are owned and operated by Defendant. All employees of these differently branded liquor stores are employed by Defendant. Defendants various liquor stores are located all across Indiana, including but not limited to Indianapolis, Speedway, Plainfield, Brownsburg, Carmel, Fishers, Westfield, Greenwood, Avon, Terre Haute, Bloomington, Martinsville, French Lick, Fort Wayne, New Haven, Auburn, Fremont, Angola, and La Grange.

9. At all relevant times, Defendant had employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

10. Defendant's gross annual sales volume has been in excess of $500,000.00 per annum at all times material hereto.

11. At all relevant times, Defendant employed hourly employees at its various locations throughout Indiana. These hourly employees include, but are not limited to Sales Associates, Delivery Drivers, Keyholders, Managers in Training, Assistant Managers, and Managers.

12. Named Plaintiff brings this action on behalf of herself and on behalf of Defendant's other hourly paid employees.

13. At all relevant times, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d); an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r); and an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

**III. FACTS**

14. Named Plaintiff and Defendant's other hourly employees are either non-exempt employees or are otherwise not compensated on a salary or fee basis.

**A. Misclassification of Assistant Store Managers and Store Managers Resulting in Violations of The FLSA and Indiana Wage Payment Act.**

15. At least since April 22, 2024, Defendant uses a pay scheme and pay policy across all of its locations that designated Assistant Managers and Managers as "Salary Store Managers" and "Salary Assistant Store Managers". At the same time, Defendant designated "Salary Store Managers" and "Salary Assistant Store Managers" as exempt from the overtime premium requirements of the FLSA.

*THE LAW OFFICE OF*
*ROBERT J. HUNT, LLC*
1905 South New Market St., Suite 168
Carmel, IN 46032
(317) 743-0614
Fax (317) 743-0615

16. As a result, Defendant paid no hourly wages or overtime premium to "Salary Store Managers" and "Salary Assistant Store Managers".

17. Again, on or around April 22, 2024, Defendant designated all Store Managers and Assistant Managers as salaried and exempt from the overtime pay requirements.

18. While Defendant called Store Managers and Assistant Store Managers "salaried", this was a fiction created by Defendant. Rather, their compensation was entirely tied to the number of hours they worked. Defendant's Store Managers and Assistant Store Managers were in fact, hourly paid employees.

19. Pursuant to Defendant's policy and practice, Defendant's "salaried" Store Managers and Assistant Store Managers were given a designated hourly rate. As long as a Store Manager or Assistant Store Manager worked between 75 and 80 hours in a bi-weekly pay period, Defendant paid that individual their designated hourly rate multiplied times 80 hours no matter how many hours they worked in excess of 80 hours. However, if a Store Manager or Assistant Store Manager worked less than 75 hours in a bi-weekly pay period, Defendant only paid that individual their designated hourly rate multiplied times their recorded hours worked. Additionally, if a Store Manager or Assistant Manager worked in excess of 80 hours in a bi-weekly pay period, Defendant paid that individual no wages at all for those hours in excess of 80 hours in that bi-weekly pay period.

20. The above practice and policy is clearly spelled-out in Defendant's Employee Manual.

21. As to "Salary Store Managers", Defendant's Employee Manual states:

***THE LAW OFFICE OF***
***ROBERT J. HUNT, LLC***
1905 South New Market St., Suite 168
Carmel, IN 46032
(317) 743-0614
Fax (317) 743-0615

**Salary Store Manager**
This classification is defined as a salary exempt employee who works a minimum of 40 hours per week and is not eligible for overtime pay. Salaried employees who work less than 75 total hours in a pay period will be paid for those hours worked.

22. As to "Salary Assistant Store Managers", Defendant's Employee Manual states:

**Salary Assistant Store Manager**
This classification is defined as a salary exempt employee who works a minimum of 40 hours per week and is not eligible for overtime pay. Salaried employees who work less than 75 total hours in a pay period will be paid for those hours worked.

23. The policy and practice discussed above results in the misclassification of Store Managers and Assistant Store Managers as exempt from the overtime premium requirements of the FLSA.

24. Defendant does not pay "Salaried Store Managers" or "Salaried Assistant Store Managers" an actual salary as defined by the FLSA because these employees do not receive a predetermined amount constituting all or part of their compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed.

25. All Store Managers and Assistant Store Managers are not "salaried" as Defendant claims, rather, they are simply hourly employees who Defendant stops paying any wages at all for their hours worked in excess of 80 hours in a bi-weekly pay period. If Store Managers and Assistant Store Managers work less than 75 hours in a bi-weekly pay period, they are paid on an hourly basis which is calculated on the basis of their hourly rate and actual hours worked.

26. The policy as to Store Managers and Assistant Store Managers described above is enough to render these employees non-exempt from the overtime pay requirements of the FLSA.

27. This policy described above and as to Store Managers and Assistant Store Managers is also put into practice by Defendant.

*THE LAW OFFICE OF*
*ROBERT J. HUNT, LLC*
1905 South New Market St., Suite 168
Carmel, IN 46032
(317) 743-0614
Fax (317) 743-0615

28. An example can be provided by Named Plaintiff Gallagher with a review of her own paystubs. For the pay period running from March 23, 2025 to April 5, 2025, her paystub identifies her "salary" as $1,778.85 and hourly rate as $22.24 ($1,778.85 divided by 80 hours equals $22.235621 and rounded up to $22.24). The same paystub shows her "Sal Wrk Hr" (her actual hours worked) as 103.10 hours in a bi-weekly period and shows that she would be paid $2,292.50 (her regular hourly rate of $22.24 multiplied by 103.10) if Defendants were to pay her the regular hourly rate for all hours worked. However, Defendant only paid Named Plaintiff her stated "salary" of $1,778.85. Defendant did not pay Named Plaintiff Gallagher her hourly rate for her additional 23.10 hours worked or pay her the overtime premium for her additional 23.10 hours worked.

29. Conversely, for the pay period running from June 15, 2025 to June 28, 2025, Named Plaintiff Gallagher's paystub again identifies her "salary" as $1,778.85 and hourly rate as $22.24 ($1,778.85 divided by 80 hours equals $22.235 and rounded up to $22.24). The same paystub shows her "Sal Wrk Hr" (her actual hours worked) as 70.07 hours in the bi-weekly period and shows that she would be paid $1,558.05 (her non-rounded regular hourly rate of $22.2356215 multiplied by 70.07) if Defendants were to pay her the regular hourly rate only for her hours worked. In this instance, because Named Plaintiff Gallagher worked less than 75 hours in that pay period, Defendant did not pay her the stated "salary", but rather only paid her the $1,558.05 in hourly pay. This example, along with the additional stated facts above, prove that Named Plaintiff Gallagher and all other "Salary Store Managers" and "Salary Assistant Store Managers" are merely hourly employees who Defendant refuses to pay their regular rate or overtime rate for any hours worked in excess of 80 in a bi-weekly pay period.

***THE LAW OFFICE OF***
***ROBERT J. HUNT, LLC***
1905 South New Market St., Suite 168
Carmel, IN 46032
(317) 743-0614
Fax (317) 743-0615

30. Similar to Named Plaintiff Gallagher, Defendant's other "Salary Store Managers" and "Salary Assistant Store Managers" often worked more than forty (40) hours per week.

31. Defendant did not pay Named Plaintiff Gallagher and other "Salary Store Managers" and "Salary Assistant Store Managers" one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) in a single workweek.

32. Defendant's failure to compensate Named Plaintiff Gallagher and other "Salary Store Managers" and "Salary Assistant Store Managers", as set forth above, resulted in unpaid overtime.

33. At all times relevant herein, Named Plaintiff Gallagher and other "Salary Store Managers" and "Salary Assistant Store Managers" were employees as defined in the FLSA, and the Indiana Wage Payment Act.

34. Defendant is and has been an "employer" as that term is defined by the FLSA and by the Indiana Wage Payment Act.

35. During relevant times, Defendant suffered or permitted Named Plaintiff Gallagher and other "Salary Store Managers" and "Salary Assistant Store Managers" to work more than forty (40) hours per workweek, while not compensating them for all such hours worked over forty (40) at a rate of at least one-and-one-half times their regular rate as a result of Defendant's policies or practices described above that affect Named Plaintiff Gallagher and other "Salary Store Managers" and "Salary Assistant Store Managers".

36. By failing to pay Named Plaintiff Gallagher and "Salary Store Managers" and "Salary Assistant Store Managers" the overtime premium of one-and-one-half times their regular rate of pay for all hours worked over forty (40) in a workweek, as required by law. Defendant has violated the applicable FLSA provisions.

***THE LAW OFFICE OF***
***ROBERT J. HUNT, LLC***
1905 South New Market St., Suite 168
Carmel, IN 46032
(317) 743-0614
Fax (317) 743-0615

37. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the federal and state wage and hour laws.

38. During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein. More specifically, Defendant knew or should have known Named Plaintiff Gallagher and other “Salary Store Managers” and “Salary Assistant Store Managers” were working in excess of forty (40) hours in a workweek because they assigned the work they performed, tracked their hours worked, and stated their actual hours worked on their paystubs.

39. The pay practice and policy described in detail above not only violates the overtime requirements of the FLSA, but also violates the Indiana Wage Payment Act because Defendant failed to pay Named Plaintiff Gallagher and other “Salary Store Managers” and “Salary Assistant Managers” their earned wages.

40. Defendant is in possession and control of necessary documents and information from which Named Plaintiff Gallagher would be able to calculate damages and/or they otherwise failed to keep such records.

**B. Unlawful Wage Deductions From Employees Resulting in Violations of The FLSA and Indiana Wage Payment Act.**

41. Defendant makes deductions from the wages of Sales Associates, Delivery Drivers, Keyholders, Managers in Training, Assistant Managers, and Managers for various charges.

42. Defendant’s deductions from these employees’ wages include, but are not limited to, the cost to purchase required uniforms and the cost of a liquor license required to work in Defendant’s stores.

***THE LAW OFFICE OF***
***ROBERT J. HUNT, LLC***
1905 South New Market St., Suite 168
Carmel, IN 46032
(317) 743-0614
Fax (317) 743-0615

43. Defendant's uniform charges range from $5.00 for a branded baseball cap all the way to $65.00 for a branded jacket.

44. Defendant's required liquor license charge is approximately $48.84 and is required to be renewed by each Sales Associate, Delivery Driver, Keyholder, Manager in Training, Assistant Manager, and Manager every three years.

45. Defendant does not have a valid wage assignment for liquor license deductions from Named Plaintiff Gallagher or any Sales Associate, Delivery Driver, Keyholder, Manager in Training, Assistant Manager, and Manager that complies with Indiana Code § 22-2-6-2 because a charge for a liquor license is not one of the enumerated and permitted reasons for making a wage assignment under that statute.

46. Defendant does not have a valid wage assignment for uniform deductions or liquor license deductions from Named Plaintiff Gallagher or any Sales Associate, Delivery Driver, Keyholder, Manager in Training, Assistant Manager, and Manager that complies with Indiana Code § 22-2-6-2. Specifically, any purported wage assignment Defendant requires these employees to sign is not "by its terms revocable at any time" or "agreed to in writing by the employer".

47. Defendant has made deductions for uniform charges and liquor license charges from the wages of Named Plaintiff Gallagher and other Sales Associates, Delivery Drivers, Keyholders, Managers in Training, Assistant Managers, and Managers within the applicable statute of limitations.

48. As a result of Defendant's unlawful deductions of uniform charges and liquor license charges from the wages of Named Plaintiff Gallagher and other Sales Associates, Delivery Drivers,

*THE LAW OFFICE OF*
*ROBERT J. HUNT, LLC*
1905 South New Market St., Suite 168
Carmel, IN 46032
(317) 743-0614
Fax (317) 743-0615

Keyholders, Managers in Training, Assistant Managers, and Managers, Defendant has violated the Indiana Wage Payment Act by refusing to pay Named Plaintiff Gallagher and other and other Sales Associates, Delivery Drivers, Keyholders, Managers in Training, Assistant Managers, and Managers their earned wages.

49. Defendant's unlawful deductions of uniform charges and liquor license charges from the wages of Named Plaintiff Gallagher and other and other Sales Associates, Delivery Drivers, Keyholders, Managers in Training, Assistant Managers, and Managers also violates the FLSA when these deductions are taken during pay periods when each employee had worked overtime hours (hours in excess of 40 in a single workweek).

50. Defendant's deductions of uniform charges and liquor license charges from the wages of Named Plaintiff Gallagher and other and other Sales Associates, Delivery Drivers, Keyholders, Managers in Training, Assistant Managers, and Managers are unlawful "kickbacks" to Defendant under the FLSA.

## IV. FLSA COLLECTIVE ALLEGATIONS

51. Named Plaintiff brings herFLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other similarly situated employees of the opt-in classes. The FLSA collective consists of two classes:

a. All current and former "Salary Store Managers" and "Assistant Salary Store Managers" who worked overtime hours and were subject to Defendant's policy stating their pay would be reduced if they worked less than 75 hours in a bi-weekly pay period and who worked in such a position during the three (3) years preceding the filing of this Complaint and continuing through the final disposition of this case ("FLSA Assistant Manager and Manager Collective" or "FLSA Assistant Manager and Manager Collective Members").

*THE LAW OFFICE OF*
*ROBERT J. HUNT, LLC*
1905 South New Market St., Suite 168
Carmel, IN 46032
(317) 743-0614
Fax (317) 743-0615

b. All current and former Sales Associates, Delivery Drivers, Keyholders, Managers in Training, Assistant Managers, and Managers who worked overtime hours and were subject to a wage deduction for cost of uniforms and/or a liquor licenses during a pay period when they also worked hours in excess of 40 in a single workweek during the three (3) years preceding the filing of this Complaint and continuing through the final disposition of this case ("FLSA Kickback Collective" or "FLSA Kickback Collective Members").

52. Named Plaintiff Gallagher and FLSA Assistant Manager and Manager Collective Members were all subject to the same policies or practices described above, including the (1) same material terms and conditions of employment; (2) same or substantially similar job duties; (3) same timekeeping policies, practices, and systems; (5) same policies, practices, and systems concerning work hours; and (6) same policies, practices, and system concerning the payment and nonpayment of overtime hours and wages.

53. Named Plaintiff Gallagher and FLSA Kickback Collective Members were all subject to the same policies or practices described above, including the (1) same material terms and conditions of employment; (2) same or substantially similar job duties; (3) same timekeeping policies, practices, and systems; (5) same policies, practices, and systems concerning work hours; and (6) same policies, practices, and system concerning the unlawful deduction of uniform charges and liquor license charges from their wages.

54. During some or all of the last three (3) years, Defendant did not compensate Named Plaintiff Gallagher and the FLSA Assistant Manager and Manager Collective Members and FLSA Kickback Collective Members for all overtime wages due to them.

***THE LAW OFFICE OF***
***ROBERT J. HUNT, LLC***
1905 South New Market St., Suite 168
Carmel, IN 46032
(317) 743-0614
Fax (317) 743-0615

## V. RULE 23 ALLEGATIONS

55. Named Plaintiff Gallagher brings her Indiana Wage Payment Act claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of herself and all other members of the following two class:

c. All current and voluntarily terminated "Salary Store Managers" and "Assistant Salary Store Managers" who were subject to Defendant's policy stating their pay would be reduced if they worked less than 75 hours in a bi-weekly pay period and who worked in such a position during the two (2) years preceding the filing of this Complaint and continuing through the final disposition of this case ("Rule 23 Assistant Manager and Manager Class" or "Rule 23 Assistant Manager and Manager Class Members").

d. All current and voluntarily terminated Sales Associates, Delivery Drivers, Managers in Training, Keyholders, Assistant Managers, and Managers who were subject to a wage deduction for cost of uniforms and/or a liquor licenses during during the two (2) years preceding the filing of this Complaint and continuing through the final disposition of this case ("Rule 23 Deduction Class" or "Rule 23 Deduction Class Members").

56. Each Indiana Rule 23 Classe, as defined above, are so numerous that joinder of all members is impracticable. Upon information and belief, the Rule 23 Assistant Manager and Manager Class is composed of over 100 putative class members. Upon information and belief, the Rule 23 Deduction Class is composed of over 450 putative class members.

57. Named Plaintiff Gallagher is a member of both the Rule 23 Assistant Manager and Manager Class and the Rule 23 Deduction Class and her claims for unpaid wages are typical of the claims of other members of each Rule 23 Class.

58. Named Plaintiff Gallagher will fairly and adequately represent each Rule 23 Class and the interests of all members of each Rule 23 Class.

59. Named Plaintiff Gallagher has no interests that are antagonistic to or in conflict with those interests of either Rule 23 Class that she has undertaken to represent.

***THE LAW OFFICE OF***
***ROBERT J. HUNT, LLC***
1905 South New Market St., Suite 168
Carmel, IN 46032
(317) 743-0614
Fax (317) 743-0615

60. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entirety of each Rule 23 Class.

61. Questions of law and fact are common to the Rule 23 Assistant Manager and Manager Class.

62. Questions of law and fact are common to the Rule 23 Deduction Class.

63. Class certification of each Rule 23 Class is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its employees.

64. Class certification of each Rule 23 Class is appropriate under Fed. R. Civ. P. 23(b)(2), as Defendant acted or refused to act on grounds generally applicable to each Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff Gallagher and each Rule 23 Class as a whole.

65. Class certification of each Rule 23 Class is appropriate under Fed. R. Civ. P. 23(b)(3), as the questions of law and facts common to the Indiana Rule 23 Class predominate over questions affecting individual members of each Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

66. Questions of law and fact that are common to Rule 23 Assistant Manager and Manager Class Members include, but are not limited to: (a) whether Defendant violated the Indiana Wage Payment Act by failing to pay the Rule 23 Assistant Manager and Manager Class for all hours worked each workweek at their regular or overtime premium rate because of the policies and/or practices described herein; (b) whether Defendant's violations of the Indiana Wage Payment Act were knowing, willful and/or in bad faith; (c) what amount of unpaid and/or withheld

***THE LAW OFFICE OF***
***ROBERT J. HUNT, LLC***
1905 South New Market St., Suite 168
Carmel, IN 46032
(317) 743-0614
Fax (317) 743-0615

compensation, including overtime compensation, is due to the Named Plaintiff Gallagher and other members of Rule 23 Assistant Manager and Manager Class on account of Defendant's violations of the Indiana Wage Payment Act, and; (d) what amount of prejudgment interest is due to the members of the Rule 23 Assistant Manager and Manager Class as a result of the violations of the Indiana Wage Payment Act by the Defendant.

67. Questions of law and fact that are common to Rule 23 Deduction Class Members include, but are not limited to: (a) whether Defendant violated the Indiana Wage Payment Act by making deductions from the wages of Rule 23 Deduction Class Members for the cost of uniforms and liquor licenses because of the policies and/or practices described herein; (b) whether Defendant's violations of the Indiana Wage Payment Act were knowing, willful and/or in bad faith; (c) what amount of unpaid and/or withheld compensation is due to Named Plaintiff Gallagher and other members of Rule 23 Deduction Class on account of Defendant's violations of the Indiana Wage Payment Act, and; (d) what amount of prejudgment interest is due to the members of the Rule 23 Deduction Class as a result of the violations of the Indiana Wage Payment Act by the Defendant.

68. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff Gallagher's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff Gallagher and counsel are not aware of any pending Indiana litigation on behalf of either Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights.

***THE LAW OFFICE OF***
***ROBERT J. HUNT, LLC***
1905 South New Market St., Suite 168
Carmel, IN 46032
(317) 743-0614
Fax (317) 743-0615

Certification of this case as a class action will enable the issues to be adjudicated, for all class members with the efficiencies of class litigation.

## VI. CAUSES OF ACTION

### *FIRST CAUSE OF ACTION: FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME DUE TO "SALARY ASSISTANT STORE MANAGERS" AND "SALARY STORE MANAGERS"*

69. All of the preceding paragraphs are realleged as if fully rewritten herein.

70. This claim is brought as part of a collective action by Named Plaintiff Gallagher on behalf of herself and the FLSA Assistant Manager and Manager Collective.

71. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

72. During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiff Gallagher and the FLSA Assistant Manager and Manager Collective Members.

73. Named Plaintiff Gallagher and the FLSA Assistant Manager and Manager Collective Members were paid in purportedly paid on a "salary" basis, but they were in fact paid on an hourly basis wherein Defendant refused to pay any wages at all for any hours worked in excess of 80 in a bi-weekly pay period.

74. Named Plaintiff Gallagher and the FLSA Assistant Manager and Manager Collective Members regularly worked in excess of forty (40) hours in a single workweek.

***THE LAW OFFICE OF***
***ROBERT J. HUNT, LLC***
1905 South New Market St., Suite 168
Carmel, IN 46032
(317) 743-0614
Fax (317) 743-0615

75. Defendant violated the FLSA with respect to Named Plaintiff Gallagher and the FLSA Assistant Manager and Manager Collective Members by failing to pay overtime for all hours worked over forty (40) hours in a workweek, as more fully described herein.

76. Named Plaintiff Gallagher and the FLSA Assistant Manager and Manager Collective Members were not exempt from receiving FLSA overtime benefits.

77. Named Plaintiff Gallagher and the FLSA Assistant Manager and Manager Collective Members were not paid on a salary or fees basis. Moreover, Named Plaintiff Gallagher and the FLSA Assistant Manager and Manager Collective Members were not guaranteed a minimum weekly payment.

78. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff Gallagher and the FLSA Assistant Manager and Manager Collective Members are entitled.

79. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff Gallagher and the FLSA Assistant Manager and Manager Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not otherwise kept by Defendant.

80. As a direct and proximate result of Defendant's conduct, Named Plaintiff Gallagher and the FLSA Assistant Manager and Manager Collective Members have suffered and continue to suffer damages. Named Plaintiff Gallagher seeks unpaid overtime and other compensation,

***THE LAW OFFICE OF***
***ROBERT J. HUNT, LLC***
1905 South New Market St., Suite 168
Carmel, IN 46032
(317) 743-0614
Fax (317) 743-0615

liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the FLSA Assistant Manager and Manager Collective Members.

**SECOND CAUSE OF ACTION:**
***FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME AS A RESULT OF UNLAWFUL KICKBACKS FOR THE COST OF UNIFORMS AND LIQUOR LICENSES***

81. All of the preceding paragraphs are realleged as if fully rewritten herein.

82. This claim is brought as part of a collective action by Named Plaintiff Gallagher on behalf of herself and the FLSA Kickback Collective.

83. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

84. During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiff Gallagher and the FLSA Kickback Collective Members.

85. Named Plaintiff Gallagher and the FLSA Kickback Collective Members had unlawful "kickbacks" for uniform charges and liquor licenses taken from their wages during pay periods within which they worked hours in excess of forty (40) hours in single workweek.

86. Named Plaintiff Gallagher and the FLSA Kickback Collective Members regularly worked in excess of forty (40) hours in a single workweek.

87. Defendant violated the FLSA with respect to Named Plaintiff Gallagher and the FLSA Kickback Collective Members by failing to pay overtime for all hours worked over forty (40) hours in a workweek, as more fully described herein.

88. Named Plaintiff Gallagher and the FLSA Kickback Collective Members were not exempt from receiving FLSA overtime benefits.

***THE LAW OFFICE OF***
***ROBERT J. HUNT, LLC***
1905 South New Market St., Suite 168
Carmel, IN 46032
(317) 743-0614
Fax (317) 743-0615

89. Named Plaintiff Gallagher and the FLSA Kickback Collective Members were not paid on a salary or fees basis. Moreover, Named Plaintiff Gallagher and the FLSA Kickback Collective Members were not guaranteed a minimum weekly payment.

90. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff Gallagher and the FLSA Kickback Collective Members are entitled.

91. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff Gallagher and the FLSA Kickback Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not otherwise kept by Defendant.

92. As a direct and proximate result of Defendant's conduct, Named Plaintiff Gallagher and the FLSA Kickback Collective Members have suffered and continue to suffer damages. Named Plaintiff Gallagher seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the FLSA Kickback Collective Members.

## THIRD CAUSE OF ACTION:
## *RULE 23 CLASS ACTION FOR UNPAID REGULAR AND OVERTIME WAGES DUE TO "SALARY STORE MANAGERS" AND "SALARY ASSISTANT STORE MANAGERS"*

93. All of the preceding paragraphs are realleged as if fully rewritten herein.

94. This claim is brought under Indiana Law.

***THE LAW OFFICE OF***
***ROBERT J. HUNT, LLC***
1905 South New Market St., Suite 168
Carmel, IN 46032
(317) 743-0614
Fax (317) 743-0615

95. Named Plaintiff Gallagher and the Rule 23 Assistant Manager and Manager Class Members have been employed by Defendant, and Defendant is an employer covered by the wage payment requirements under the Indiana Wage Payment Act..

96. The Indiana Wage Payment Act requires employers to pay their employees at least semi-monthly or biweekly the "amount due" the employee.

97. Named Plaintiff Gallagher and the Rule 23 Assistant Manager and Manager Class Members were not and have not been paid all amounts due under Indiana or federal law.

98. Defendant's policies and/or practices of not paying its "Salary Store Managers" and "Salary Assistant Store Managers" for all hours worked over forty (40) hours in a workweek and/or all hours worked over eighty (80) hours in a bi-weekly pay period as more fully described herein resulted in unpaid overtime and unpaid regular wages. These unpaid overtime wages and regular wages are "amounts due" to Named Plaintiff Gallagher and Rule 23 Assistant Manager and Manager Class members.

99. Named Plaintiff Gallagher and the Rule 23 Assistant Manager and Manager Class Members were not exempt from the wage protections of the Indiana Wage Payment Act.

100. Defendant's repeated and knowing failures to pay wages to Named Plaintiff Gallagher and the Rule 23 Assistant Manager and Manager Class members were violations of the Indiana Wage Payment Act, and as such, Defendant acted in bad faith and failed to pay the compensation to which Named Plaintiff Gallagher and the Rule 23 Assistant Manager and Manager Class Members were entitled.

101. For Defendant's violations of the Indiana Wage Payment Act by which Named

***THE LAW OFFICE OF***
***ROBERT J. HUNT, LLC***
1905 South New Market St., Suite 168
Carmel, IN 46032
(317) 743-0614
Fax (317) 743-0615

Plaintiff Gallagher and the Rule 23 Assistant Manager and Manager Class Members have suffered and continue to suffer damages, Named Plaintiff Gallagher seeks unpaid regular and overtime compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the Rule 23 Assistant Manager and Manager Class Members.

**FOURTH CAUSE OF ACTION:**
***RULE 23 CLASS ACTION FOR UNLAWFUL DEDUCTIONS FROM THE WAGES OF SALES ASSOCIATES, DELIVERY DRIVERS, KEYHOLDERS, MANAGERS IN TRAINING, ASSISTANT MANAGERS AND MANAGERS***

102. All of the preceding paragraphs are realleged as if fully rewritten herein.

103. This claim is brought under Indiana Law.

104. Named Plaintiff Gallagher and the Rule 23 Deduction Class Members have been employed by Defendant, and Defendant is an employer covered by the wage payment requirements under the Indiana Wage Payment Act..

105. The Indiana Wage Payment Act requires employers to pay their employees at least semi-monthly or biweekly the "amount due" the employee.

106. Named Plaintiff Gallagher and the Rule 23 Deduction Class Members were not and have not been paid all amounts due under Indiana law.

107. Defendant's policies and/or practices of making deductions from the wages of Named Plaintiff Gallagher and Rule 23 Deduction Class Members for the cost of uniforms and liquor licenses as more fully described herein resulted in unpaid regular wages. These unpaid regular wages are "amounts due" to Named Plaintiff Gallagher and Rule 23 Deduction Class members.

108. Named Plaintiff Gallagher and the Rule 23 Deduction Class Members were not exempt from the wage protections of the Indiana Wage Payment Act.

*THE LAW OFFICE OF*
*ROBERT J. HUNT, LLC*
1905 South New Market St., Suite 168
Carmel, IN 46032
(317) 743-0614
Fax (317) 743-0615

109. Defendant's repeated and knowing failures to pay wages to Named Plaintiff Gallagher and the Rule 23 Deduction Class members were violations of the Indiana Wage Payment Act, and as such, Defendant acted in bad faith and failed to pay the compensation to which Named Plaintiff Gallagher and the Rule 23 Deduction Class Members were entitled.

110. For Defendant's violations of the Indiana Wage Payment Act by which Named Plaintiff Gallagher and the Rule 23 Deduction Class Members have suffered and continue to suffer damages, Named Plaintiff Gallagher seeks unpaid regular wages, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the Rule 23 Deduction Class Members.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff Gallagher requests judgment against Defendant for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Assistant Manager and Manager Collective apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Kickback Collective apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

D. Certifying the proposed Rule 23 Classes under the Indiana Wage Payment Act;

***THE LAW OFFICE OF***
***ROBERT J. HUNT, LLC***
1905 South New Market St., Suite 168
Carmel, IN 46032
(317) 743-0614
Fax (317) 743-0615

E. Awarding to Named Plaintiff Gallagher and the FLSA Manager and Assistant Manager Collective Members unpaid compensation, including overtime wages, as to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to Named Plaintiff Gallagher and the FLSA Kickback Collective Members unpaid compensation, including overtime wages, as to be determined at trial together with any liquidated damages allowed by the FLSA;

G. Awarding to Named Plaintiff Gallagher and the Rule 23 Assistant Manager and Manager Class Members unpaid compensation, including unpaid regular and overtime wages, as to be determined at trial together with any liquidated damages allowed by the Indiana Wage Payment Act;

H. Awarding to Named Plaintiff Gallagher and the Rule 23 Deduction Class Members unpaid compensation, including unpaid regular wages, as to be determined at trial together with any liquidated damages allowed by the Indiana Wage Payment Act;

I. Awarding judgment against Defendant for liquidated damages which are owed to Named Plaintiff and each Rule 23 Class pursuant to the Indiana Wage Payment Act, during the applicable statutory period;

J. Awarding Named Plaintiff Gallagher, FLSA Assistant Manager and Manager Collective Members, FLSA Kickback Collective Members, Rule 23 Assistant Manager and Manager Class Members, and Rule 23 Deduction Class Members the costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

K. Awarding Named Plaintiff Gallagher, FLSA Assistant Manager and Manager Collective Members, FLSA Kickback Collective Members, Rule 23 Assistant Manager and Manager Class

***THE LAW OFFICE OF***
***ROBERT J. HUNT, LLC***
1905 South New Market St., Suite 168
Carmel, IN 46032
(317) 743-0614
Fax (317) 743-0615

Members, and Rule 23 Deduction Class Members, such other and further relief as the Court deems just and proper;

L. Issuing an injunction prohibiting Defendant from engaging in present, ongoing, and future violations of the FLSA and the Indiana Wage Payment Act;

M. Granting Named Plaintiff Gallagher leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

N. Rendering a judgment against Defendant for all damage, relief, or any other recovery whatsoever;

O. An Order directing Defendant to pay reasonable attorney's fees and all costs connected with this action; and

P. Such other and further relief as this Court may deem necessary, just, and proper.

THE LAW OFFICE OF ROBERT J. HUNT, LLC

By: /s/Robert J. Hunt
Robert J. Hunt, Attorney No. 30686-49
rob@indianawagelaw.com

Robert F. Hunt, Attorney No. 7889-84
rfh@indianwagelaw.com

ATTORNEYS FOR PLAINTIFF

1905 South New Market Street, Suite 168
Carmel, IN 46032
(317) 743-0614
(317) 743-0615